IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

       Plaintiff,                    No. CIV S-06-2804 GEB GGH P

   vs.

ARTHUR VAN COURT, et al.,

       Defendants.         <u>ORDER</u>

      Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Pursuant to the court's order, filed on December 26, 2006, plaintiff, on January 10, 2007, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

1

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

Plaintiff names as defendants a district attorney, Don Penner, and members of three separate parole board hearing panels who denied plaintiff parole: from 1995 - Arthur Van Court, Steve Baker, Joe Pliler; from 1997 - Manuel Guaderrama, Carol Bentley, Kenneth Bybee; from 2002 - Dave Hepburn, Dennis Smith. Plaintiff seeks money damages from each defendant because he was denied parole without panel members having the transcript of his plea made in Fresno County Superior Court in 1980, which would have shown that a negotiated, court-approved settlement signified that plaintiff was to serve a 15-year sentence. Complaint, pp. 4-7.

As to defendant Penner, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984). Plaintiff appears to associate his claim against defendant Penner only with the 1997 parole denial but does not otherwise provide any information as to his basis for suing this defendant, or in any way demonstrate that Penner is not entitled to immunity, and defendant Penner will be dismissed, but plaintiff will be granted leave to amend.

As to defendants Van Court, Baker, Pliler; Guaderrama, Bentley, Bybee, Hepburn and Smith, all sued for money damages for parole decisions they rendered as parole board members, the Ninth Circuit has stated:

> The Supreme Court has reserved deciding whether members of state parole boards have absolute quasi-judicial immunity for their official actions. Martinez v. California, 444 U.S. 277, 285 n. 11,

3

> 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). We have held, however, that parole board members are entitled to absolute immunity when they perform "quasi-judicial" functions. <u>Anderson</u> [v. Boyd], 714 F.2d [906] at 909-10 [9th Cir. 1983]. Thus, parole board officials of the BPT are entitled to absolute quasi-judicial immunity for decisions "to grant, deny, or revoke parole" because these tasks are "functionally comparable" to tasks performed by judges. <u>Sellars</u> [v. Procunier], 641 F.2d [1295] at 1303 [9th Cir. 1981]; <u>Bermudez v. Duenas</u>, 936 F.2d 1064, 1066 (9th Cir.1991) (holding <u>Sellars</u> immunity encompasses actions "taken when processing parole applications"). Absolute immunity has also been extended to parole officials for the "imposition of parole conditions" and the "execution of parole revocation procedures," tasks integrally related to an official's decision to grant or revoke parole. <u>Anderson</u>, 714 F.2d at 909.

<u>Swift v. California</u>, 384 F.3d 1184, 1188-89 (9th Cir. 2004).

As noted, plaintiff evidently seeks to implicate these defendants only for parole decisions they rendered regarding plaintiff, that is, only for a decision each rendered for which each appears to be entitled to absolute immunity in this suit for money damages. These defendants will be dismissed, but plaintiff will be granted leave to amend.

<u>Requests for Appointment of Counsel</u>

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's requests for the appointment of counsel will therefore be denied.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4

The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

      4. Plaintiff's requests for appointment of counsel, filed on December 11, 2006, and on December 28, 2006, are denied.

DATED:   4/11/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brow2804.bnf