IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Plaintiff,                             No. CIV S-06-2804 GEB GGH P

    vs.

ARTHUR VAN COURT, et al.,

    Defendants.                  FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed by Order, filed on April 12, 2007, but plaintiff was granted leave to amend. Plaintiff has filed an amended complaint but has failed to cure the defects of the original filing.

        As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.

8  A complaint, or portion thereof, should only be dismissed for failure to state a
9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
12 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
13 a complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17 Plaintiff's amended complaint consists of approximately twelve pages of
18 allegations and more than 230 pages of exhibits.  Plaintiff seeks money damages for claims of
19 false imprisonment, emotional distress and breach of contract against the members of his 1995
20 Board of Prison Terms (now referred to as the Board of Parole Hearings, hereafter referred to as
21 "Board") panel, the members of his 1997 Board panel and the members of his 2002 Board panel,
22 on the ground that he was denied parole by all three respective panels without the panel members
23 having had his 1980 plea transcript before them, wherein he took a plea on the basis that he
24 would serve a 15-year prison term.  Amended Complaint, pp. 3-5, 9-12.  Defendant panel
25 members: from 1995 are Arthur Van Court, Steve Baker, Joe Pliler; from 1997 are Manuel
26 Guaderrama, Carol Bentley, Kenneth Bybee; and from 2002 are Dave Hepburn, Dennis Smith.

2

As framed, his claims are claims of violations of state tort law, rather than claims of a deprivation of his federal constitutional rights. Moreover, plaintiff includes as an exhibit a petition denial from the state supreme court. Plaintiff's claims are solely for money damages. To the extent that plaintiff can be construed as having brought claims under 42 U.S.C. § 1983 of a violation of due process with respect to the decisions of the parole panels, plaintiff's claims appear to be barred. In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

Whether predicated on a claim that his parole denial or denials were improper because of procedural defects or improper on the merits, his claims are Heck-barred, where he is unable to show that his parole denial or denials have been reversed or invalidated. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997)("[f]ew things implicate the validity of continued

confinement more directly than the allegedly improper denial of parole").

In addition, plaintiff names as a defendant, Don Penner.  Plaintiff was previously cautioned as to defendant Penner, a district attorney:

> [P]rosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984). Plaintiff appears to associate his claim against defendant Penner only with the 1997 parole denial but does not otherwise provide any information as to his basis for suing this defendant, or in any way demonstrate that Penner is not entitled to immunity, and defendant Penner will be dismissed, but plaintiff will be granted leave to amend.

See Order, filed on 4/12/06, p. 3.

Plaintiff's amended filing does not adequately clarify the basis of his claim or sufficiently show that this defendant is not entitled to immunity.

As to defendants Van Court, Baker, Pliler; Guaderrama, Bentley, Bybee, Hepburn and Smith, plaintiff was also previously informed that:

> [T]he Ninth Circuit has stated:
>
> The Supreme Court has reserved deciding whether members of state parole boards have absolute quasi-judicial immunity for their official actions. Martinez v. California, 444 U.S. 277, 285 n. 11, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). We have held, however, that parole board members are entitled to absolute immunity when they perform "quasi-judicial" functions. Anderson [v. Boyd], 714 F.2d [906] at 909-10 [9th Cir. 1983]. Thus, parole board officials of the BPT are entitled to absolute quasi-judicial immunity for decisions "to grant, deny, or revoke parole" because these tasks are "functionally comparable" to tasks performed by judges. Sellars [v. Procunier], 641 F.2d [1295] at 1303 [9th Cir. 1981]; Bermudez v.

4

Duenas, 936 F.2d 1064, 1066 (9th Cir.1991) (holding Sellars immunity encompasses actions "taken when processing parole applications"). Absolute immunity has also been extended to parole officials for the "imposition of parole conditions" and the "execution of parole revocation procedures," tasks integrally related to an official's decision to grant or revoke parole. Anderson, 714 F.2d at 909.

Swift v. California, 384 F.3d 1184, 1188-89 (9th Cir. 2004).

See Order, filed 4/12/06, pp. 3-4.

Noting that plaintiff evidently sought to implicate these defendants only for parole decisions they rendered regarding plaintiff, that is, only for a decision each rendered for which each appears to be entitled to absolute immunity in this suit for money damages, the undersigned dismissed these defendants but granted plaintiff leave to amend. Plaintiff has not cured the defects previously identified.

By his amended filing, plaintiff has made it patently evident that he is unable to cure the defects of his complaint. The court will now recommend dismissal of this action. Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999) (Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.") "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

Accordingly, IT IS RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

\\\\\

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/23/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
brow2804.fr